IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL CADENA, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-1569-L-BK |
| | § | (CRIMINAL NO. 3:16-CR-232-L-1) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Joel Cadena's *pro se* motion

to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned

United States magistrate judge for case management, including the issuance of findings and a

recommended disposition.  As detailed herein, the motion should be summarily **DISMISSED**

**WITH PREJUDICE**.[1]

Cadena pled guilty to bank robbery and using carrying and brandishing a firearm during a

crime of violence and was sentenced to an aggregate 120 months' imprisonment.  *United States*

*v. Cadena*, No. 3:16-CR-232-L-1, Crim. Doc. 43 (N.D. Tex. Apr. 18, 2017), *aff'd*, 728 F. App'x

381 (5th Cir. June 22, 2018) (per curiam), *cert. denied*, 139 S. Ct. 436 (2018).  He unsuccessfully

sought an extension of time to file a Section 2255 motion.  *Cadena v. United States*, No. 3:19-

CV-2499-L-BK (N.D. Tex. Nov. 27, 2019) (dismissing motion for extension of time for want of

jurisdiction).  Cadena now asserts that his firearm conviction, which was predicated on the bank

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears
from the motion and any attached exhibits, and the record of prior proceedings that the moving
party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the
moving party.").

robbery count, is not a crime violence (COV) based on *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019) (holding that the residual clause definition of "crime of violence" under 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague). Doc. 2 at 17-19. Specifically, he asserts that "robbery through intimidation, putting a person in fear that he will suffer an injury in the future does not require the use of physical force, much less [the] violent physical force required" under the elements clause definition of "crime of violence." Doc. 2 at 18-19.

On direct appeal, the United States Court of Appeals for the Fifth Circuit rejected precisely the claim that Cadena raises here—that his prior bank robbery conviction does not qualify as a COV under the elements clause. *See Cadena*, 728 F. App'x at 381-82 (rejecting claim "that bank robbery does not have as an element the actual, attempted, or threatened use of force, as required under § 924(c)(3)(A)" and finding that "bank robbery, as defined under § 2113(a), qualifies as a crime of violence because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force"). And following *Davis* —which had no bearing on the elements clause—the Fifth Circuit has reiterated its holding. *See United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019) ("Federal bank robbery constitutes a COV under § 924(c) 'because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force.'" (quoting *Cadena*, 728 F. App'x at 382).

Because the Fifth Circuit previously rejected Cadena's claim on direct appeal, he is barred from bringing it in this collateral proceeding. *See United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997) (holding that claims that were raised and rejected on direct appeal were barred from collateral review); *see also United States v. Rodriguez*, 821 F.3d 632, 633-34 (5th Cir. 2016) (holding movant could not employ a § 2255 motion to re-argue a claim that the Fifth Circuit had rejected on the merits in a prior appeal). That notwithstanding, Cadena's claim

obviously would fail even if brought for the first time in this Section 2255. *See United States v. Smith*, 957 F.3d 590, 593-94 (5th Cir. 2020) (denying § 2255 motion based on *Reece* because "federal bank robbery offense is a COV under the elements clause").

For the foregoing reasons, the Section 2255 motion should be summarily **DISMISSED WITH PREJUDICE**, as provided by Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on June 23, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).