IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOEN CADENA,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:20-CV-1569-L-BK** |
| | § | Criminal No. 3:16-CR-232-L-1 |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

The Findings, Conclusions and Recommendation of the United States Magistrate Judge (Report) (Doc. 3) was entered on June 23, 2020, recommending that the court summarily dismiss with prejudice this habeas action brought pursuant to 28 U.S.C. § 2255 because the Fifth Circuit rejected the same claim on direct appeal that Petitioner raises in this action—that his prior robbery conviction does not qualify as crime of violence.  In his objections to the Report, which were docketed on July 14, 2020, Petitioner disagrees that he cannot raise this claim in this proceeding. He also contends that the Report does "not address that [his] plea was not knowingly or intelligently or willingly made." Obj. 3.

Having considered Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Motion") (Doc. 2), docketed on June 12, 2020, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Moreover, no claim or factual basis is included in Petitioner's Motion that would support a claim based on the voluntariness

Order – Page 1

of his guilty plea.  Accordingly, the court **overrules** Petitioner's objections to the Report, **denies** his

Motion (Doc. 2), and **dismisses with prejudice** this action for the reasons stated in the Report.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure

22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims

debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition

states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was

correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this

determination, the court accepts and incorporates by reference the Report.  In the event that a notice

of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in

forma pauperis* on appeal.

**It is so ordered** this 17th day of August, 2020.


Sam A. Lindsay
United States District Judge

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)     Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b)     Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.